IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN W. BYERLY,

   Plaintiff,

 vs.            Civil Action 2:13-cv-411
                 Judge Sargus
                 Magistrate Judge King

ROSS CORRECTIONAL INST., *et al.*,

   Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION

  Plaintiff, a state prisoner, brings this civil action under 42 U.S.C. § 1983 alleging that he has been denied his right of access to the courts. This matter is before the Court for the initial screen of the complaint required by 28 U.S.C. §§ 1915€, 1915A.

  Plaintiff names as defendants the Ross Correctional Institution ("RCI"), it deputy warden of operations and a unit manager. RCI is a state agency and is therefore absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Beil v. Lake Erie Correction Records Dept.*, 282 Fed. Appx. 363, 2008 WL 2434738 (6th Cir. June 13, 2008). *See also Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997)(Eleventh Amendment sovereign immunity applies not only to the states themselves but also to "state agents and instrumentalities"). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. §1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70-71 (1989). As it relates to defendant RCI, then, the action cannot proceed.

  It is therefore **RECOMMENDED** that defendant Ross Correctional Institution be **DISMISSED** from this action.

  As it relates to the two individual defendants, the Court

1

concludes that, at this juncture, the action may proceed.

The Court construes plaintiff's *Motion for Permanent Injunction*, attached to Doc. No. 1, as plaintiff's *Complaint,* and the Clerk is **DIRECTED** to docket that document as the *Complaint*.

If plaintiff submits a copy of the *Complaint*, a summons and a Marshal service form for each defendant, the United States Marshal shall serve by certified mail upon defendants a copy of the *Complaint* and a copy of this Order.

Plaintiff is **ADVISED** that he must assure that each defendant is served with process within 120 days of the filing of the *Complaint*. All claims against any party not served within 120 days may be dismissed. *See* F.R. Civ. P. 4(m).

Plaintiff has asked that he not be required to provide copies of his filings. *Request for Reduction of Copies*, attached to Doc. No. 1. The fact that plaintiff was granted leave to proceed *in forma pauperis* does not entitle him to free copies of his filings. 28 U.S.C. §1915. *See Anderson v. Gillis*, 236 Fed. Appx. 738, 739 (3rd Cir. 2007)(citing *Douglas v. Green*, 327 F.2d 661 (6th Cir. 1964)); *Thomas v. Croft*, 2010 WL 1629628, *3 (S.D. Ohio April *21, 2010)*.

There is no requirement that plaintiff provide photocopies of the document; he may copy, by hand, his written *Complaint*. The fact that the *Complaint* is voluminous is a consequence of plaintiff's own litigation decision. A complaint, to be valid, must merely contain "a short and plain statement of the grounds for the court's jurisdiction . . . and a short and plain statement of the claim showing that the pleader is entitled to relief," as well as a demand for the relief sought. Fed. R. Civ. P. 8(a). Neither the Federal Rules of Civil Procedure nor this Court require a pleading of the length submitted by plaintiff.[1]

If any party seeks review by the District Judge of this *Report*

---

[1] If plaintiff wishes to amend his *Complaint* in order to shorten the pleading, he is, at this point, free to do so. *See* Fed. R. Civ. P. 15.

2

*and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


                                         s/Norah McCann King
                                          Norah M$^c$Cann King
                               United States Magistrate Judge

DATE: May 1, 2013