IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STEPHEN W. BYERLY,**

   **Plaintiff,**

 vs.              Civil Action 2:13-cv-411
                  Judge Sargus
                  Magistrate Judge King

**ROSS CORRECTIONAL INST.,** *et al.*,

   **Defendants.**

## ORDER

   This matter is before the Court for consideration of *Defendants' Motion for More Definite Statement* ("*Defendants' Motion*"), Doc. No. 23. Defendants argue that the *Amended Complaint*, Doc. No. 16, is deficient because, *inter alia*, it fails to attach exhibits referenced in the *Amended Complaint*, attempts to supplement the original complaint, and violates Fed. R. Civ. P. 10(b) by setting forth all of plaintiff's claims in a single paragraph. Plaintiff, a state inmate proceeding without the assistance of counsel, has filed a response in opposition to *Defendants' Motion*, *Motion in Response in Opposition Assistant Attorney General for Motion for More Definite Statement* ("*Plaintiff's Response*"), Doc. No. 24, which appears to (1) oppose *Defendants' Motion*, (2) seek leave to file a second amended complaint, and (3) serve as the second amended complaint. Because *Defendants' Motion* and *Plaintiff's Response* both contemplate the filing of a second amended complaint, *Defendants' Motion* is **GRANTED**. To the

extent that *Plaintiff's Response* seeks leave to file a second amended complaint, it is also **GRANTED**.  To the extent that *Plaintiff's Response* seeks to serve as a second amended complaint, it is **DENIED**. The Court cannot discern what portions of plaintiff's 49 page filing constitute the proposed second amended complaint.  Plaintiff's filing also attempts to supplement, rather than substitute for, his *Amended Complaint*, and the filing fails to comply with Fed. R. Civ. P. 10(b).

Accordingly, plaintiff is **ORDERED** to file a second amended complaint within fourteen (14) days of this *Order*.  Plaintiff is **CAUTIONED** that the second amended complaint must contain, at a minimum, "a short and plain statement of the grounds for the court's jurisdiction, . . . a short and plain statement of the claim showing that the pleader is entitled to relief[,] and [] a demand for the relief sought."  Fed. R. Civ. P. 8(a).  All claims must also be set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Moreover, plaintiff is **ADVISED** that the second amended complaint will replace the *Amended Complaint* in its entirety; the second amended complaint should not supplement or reference the *Amended Complaint*.

This matter is also before the Court for consideration of plaintiff's motion for a finding of contempt against defendant Charles Bradley and the Warden of the Ross Correctional Institution, *Request for Court Order Contempt of Court*, Doc. No. 9.  Plaintiff argues that

2

defendant Bradley and the Warden violated a court order and denied plaintiff access to the courts by forcing plaintiff to relinquish his legal material related to his prior criminal conviction.  Although, as plaintiff argues, inmates have a constitutional right of access to the courts, this Court has not issued an order in this case pertaining to plaintiff's legal materials.  Plaintiff's motion for an order of contempt for violating an order of this Court, Doc. No. 9, is therefore **DENIED**.

September 18, 2013                             *s/Norah McCann King*
                                               Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge