UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN W. BYERLY,
    Plaintiff,
v.

Civil Action 2:13-cv-411
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

ROSS CORRECTIONAL
INSTITUTION, et al.,
    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections (ECF No. 63) to the Magistrate Judge's Report and Recommendation (ECF No. 61) to grant defendants' motion for summary judgment. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation. The Court therefore **GRANTS** defendants' motion for summary judgment (ECF No. 44).

## I. BACKGROUND

The Ohio Department of Rehabilitation and Correction ("ODRC") promulgated Policy 59-LEG-01, which permits inmates to keep legal materials within a 2.4 cubic foot locker box in their cells. (*See* Policy 59-LEG-01(VI)(E)(2).) Under this policy, inmates at Ross Correctional Institution ("RCI") who need additional space may store their excess legal materials in a locker box outside of their cell. (*See* Policy 59-LEG-01(VI)(E)(5); *see also* Pence Decl. ¶¶ 5, 9, 11.)

On April 3, 2013, inmate Stephen Byerly filed an informal complaint with RCI staff, arguing that 59-LEG-01 denied him access to the courts and insisting that he be permitted to keep his excess legal papers in his cell. (Apr. 3 Compl.; ECF No. 44-1.) Defendant John Pence, RCI's Unit Management Chief, responded that day and told Byerly that his excess materials

1

needed to be stored in the box outside of his cell, discarded, or mailed out. (Apr. 3 Compl.) Pence's supervisor, Deputy Warden of Operations Charles Bradley, approved this resolution and signed the bottom of the complaint. (Bradley Decl. ¶ 7; ECF No. 44-2.) Byerly did not appeal this decision under Ohio's administrative grievance procedure for inmates. (Hunyadi Decl. ¶¶ 2, 8; ECF No. 44-9; Grievance History; ECF No. 44-10.)[1]

In early June 2013, RCI's Warden told Byerly that he could keep excess legal papers in his cell. (Oppy Decl. ¶ 5; ECF No. 44-6.) But two months later, on August 12, 2013, Byerly filed a second informal complaint with the "Warden by Inst. Inspector", complaining that he had not received a written exemption from the 2.4 requirement. (Aug. 12 Compl.; ECF No. 44-7.) The institutional inspector replied to Byerly, informing him that he filed his informal complaint with the wrong person under Ohio's grievance procedure and advising him to re-file his complaint with the unit manager. (Id.) Byerly again declined to administratively appeal this response. (Hunyadi Decl. ¶ 8.)

Byerly then filed a third informal complaint dated August 28, 2013, again complaining that he had not received a written exemption. (Aug. 28 Compl.; ECF No. 44-8.) This time he filed with Unit Manager J.R. Byrd, who told the plaintiff to re-file the complaint with Unit Management Chief Pence. (Id.) Byerly did not appeal this decision. Pence does "not recall receiving or handling any follow-up complaints" regarding the excess materials. (Pence Decl. ¶ 13.) Thereafter, a new warden was assigned to RCI who elected to enforce the 2.4 rule against Byerly. (Pence Decl. ¶ 13; Byrd Decl. ¶ 8.)

---

[1] Byerly states several times in his Objections that he does not know Eugene Hunyadi, who offered an affidavit in this case. Hunyadi is ORDC's Assistant Chief Inspector whose duties include handling appeals and direct grievances filed by inmates. (Hunyadi ¶ 2.)

Byerly brought this lawsuit, alleging that he was denied access to the courts in violation of his constitutional rights. (Second Am. Compl.; ECF No. 27.) The defendants moved for summary judgment. The Magistrate Judge recommended granting the motion because Byerly did not exhaust his administrative remedies before filing this action. Byerly objects.

## II. STANDARD

When objections are received to a report and recommendation on a dispositive matter, such as the motion for summary judgment here, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1)(C). *See Holdren v. Holdren*, No. 2:12-CV-428, 2013 WL 1282034, at *2 (S.D. Ohio Mar. 27, 2013).

The Court also notes that a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the defendants' motions for summary judgment, this Court must "view all facts and any inferences in the light most favorable" to Byerly, the nonmoving party. *See Risch v. Royal Oak Police Dep't*, 581 F.3d 383, 390 (6th Cir. 2009); *see also Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A motion for summary judgment should be denied if "there is a genuine need for trial," which turns on "whether the evidence is such that a reasonable

jury could return a verdict for the plaintiff." *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375 (6th Cir. 2002).

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading." *Viergutz v. Lucent Technologies, Inc.*, 375 F. App'x. 482, 485 (6th Cir. 2010). Instead, the party opposing summary judgment "must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine need for trial." *Id.*

### III. DISCUSSION

Byerly first objects to the Magistrate Judge's characterization of his action as arising under 42 U.S.C. § 1983. But his Second Amended Complaint alleged that he was denied access to the courts in violation of his constitutional rights, and § 1983 is the vehicle "to redress violations of rights, privileges, or immunities secured by the Constitution." *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007) (internal quotation marks omitted). Therefore, Byler's objection is not well taken.

The Prison Litigation Reform Act required Byerly to exhaust his available administrative remedies before filing this federal claim relating to his prison conditions. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). In order to satisfy the exhaustion requirement, he needed to "complete the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).

Because Byerly's claim relates to a condition of confinement, he must, before filing suit, proceed through Ohio Admin. Code § 5120-9-31, Ohio's inmate grievance procedure for resolving complaints related to "any aspect of institutional life that directly and personally affects the grievant." That procedure consists of three steps. First, within fourteen days of the

event giving rise to the complaint, the inmate must file an informal complaint with "the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." O.A.C. § 5120-9-31(K)(1). An inmate not satisfied with that complaint's resolution proceeds to the second step: filing a notification of grievance with the inspector of institutional services within 14 days. O.A.C. § 5120-9-31(K)(2). And if that does not resolve the inmate's grievance, the third step requires the inmate to appeal to the office of the chief inspector within 14 days. O.A.C. § 5120-9-31(K)(3).

Byerly filed three informal complaints regarding his inability to keep his legal papers in his cell. The uncontroverted evidence shows that he failed to see these claims through Ohio's grievance procedure.

Byerly's first informal complaint was resolved on April 3, 2013 when Unit Management Chief Pence and Deputy Warden of Operations Bradley told him he could no longer store his legal materials in his cell. No evidence in the record suggests that he appealed this decision within fourteen days as required by Ohio's grievance procedure. (*See* List of Grievances; ECF No. 44-10 (indicating no notification of grievance filed); *see also* Hunyadi Decl. ¶ 8.)

Byerly apparently attempts to excuse his failure to appeal by asserting that he could not comply with the grievance procedure because Pence made him remove his materials within five days of his informal complaint, instead of giving him 14 days to respond. (Obj. at 7; ECF No. 63.) But needing to comply with the informal complaint's resolution does not mean he was unable to appeal that decision within 14 days.[2] The procedure nowhere provides that Byerly has

---

[2] Byerly also alleges that Pence and Bradley "forcibly confiscated" legal materials from him on July 29, 2014. This, he alleges, "lost [him] a time related issue" in the Court of Appeals. (Obj. at 4; *see also* Obj. at 11 (alleging Pence threatened to confiscate and destroy his evidence).) But Byerly fails to show that he exhausted his administrative remedies regarding these allegations.

5

a right to retain his excess legal materials while his appeals are resolved. *See* O.A.C. 5120-9-31(K)(2). And Byerly offers no authority for this proposition.

Similarly, the uncontroverted evidence shows that Byerly did not exhaust his remedies with respect to his August 12, 2013 informal complaint that was addressed to "Warden by Inst. Inspector." He did not file this complaint within fourteen days of the event complained of as required by the applicable rules. *See* O.A.C. § 5120-9-31(K)(1). He did not file with the correct person. *See* O.A.C. § 5120-9-31(K)(1) (requiring the filing of complaint with "the direct supervisor of the staff member, or the department most directly responsible for the particular subject matter of the complaint"). And, he never filed a notice of grievance appealing the complaint's resolution. (*See* List of Grievances (indicating no notification of grievance filed); Hunyadi Decl. ¶ 8.)[3]

Byerly's third informal complaint, dated August 28, 2013, also did not comply with Ohio's procedure. He did not attempt to appeal to the inspector of institutional services or the chief inspector. (Pence Decl. ¶ 13; List of Grievances; Hunyadi Decl. ¶ 8.) And though he was advised to re-file with Unit Manager Pence, he declined to do so. (Byrd Decl. ¶ 9.)

In his objection, Byerly references notices of grievance that were purportedly denied "as well as a Chief Inspector's Form." (Obj. at 11-12, 23.) But he offers no evidence of any denied appeal. He further alleges that he could contact only the "Chief Inspectors Office" and that he had to make his own notice of grievance because he "could not receive proper forms from" the institutional inspector. (Obj. at 12-13 (citing "Exhibit-F").) But these allegations do not set out

---

[3] In fact, Byerly stated in his informal complaint that that he had a "conflict with and between D.W.O. (Bradley) and U.M.A. Chief – in which denied me my grievance procedure process to solve the problem – now I am forced to file a civil action." Thus, Byerly bypassed steps two and three of the required grievance process and immediately filed this civil lawsuit. (See ECF No. 1-1 (moving for injunction on April 19, 2013).)

sufficient detail to make a plausible claim. *See Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014) (noting that a plausible claim demands more than "conclusory allegations or legal conclusions masquerading as factual allegations"). Moreover, the inability to receive the required appellate forms should have led Byerly to file an informal complaint. *See* O.A.C. 5120-9-31(M) ("Grievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint."). Byerly attached "Exhibit-F" to his objection, which apparently is an informal complaint that he submitted to the "Chief Inspector." But even assuming this document is appropriately authenticated, there is no date stating when the complaint was submitted and there also is apparently no response by any staff member. Thus, this document fails to create any genuine issue as to whether Byerly satisfied steps two or three of the grievance procedure.[4]

Last, Byerly claims the Court should look to Ohio Admin. Code 5120-9-33(H)-(I), which is titled "Packages and property restrictions." He argues this provision allows him to keep his excess legal materials and takes precedent over the exhaustion requirement because it was "in effect long before . . . 59-LEG-01." But nothing in O.A.C. 5120-9-33 makes Ohio's grievance procedure inapplicable.[5]

To the extent that Byerly alleges that the defendants' actions violated provisions of the Ohio Revised Code and Ohio's constitution (*see* Obj. at 5), § 1983 "may not be used as a vehicle to challenge official conduct that allegedly violates state law." *Richard v. Mohr*, No. 2:13-CV-

---

[4] Byerly also attached an "Exhibit-G" to his Objections. It is apparently an informal complaint addressed to Pence and Bradley on October 1, 2013. It is not clear to the Court why Byerly attached this informal complaint. But in any event, there is no indication that Byerly delivered it to a staff member or otherwise exhausted the administrative process regarding this complaint.
[5] To the extent Byerly alleges 59-LEG-01 policy should not apply because it came into effect after he initiated this lawsuit (Obj. at 11, 24), this claim would need to be exhausted and Byerly did not do so here.

1013, 2014 WL 868242, at *3 (S.D. Ohio Mar. 5, 2014) (citing *Michael*, 498 F.3d at 375)). Because the Court has granted summary judgment to defendants on the federal claim, any state pendent claim is dismissed without prejudice. *See Swanson v. Bradshaw*, No. 1:04CV0618, 2005 WL 1223909, at *2 (N.D. Ohio May 23, 2005).[6]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Objections (ECF No. 63) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 61) and **GRANTS** defendants' motion for summary judgment (ECF No. 44).

**IT IS SO ORDERED.**

3-10-2015
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[6] Byerly also filed an "Affidavit of Criminal Complaint" (ECF No. 64), averring that a "Sergeant Anderson" committed "bad acts," namely taking his legal materials "in defiance of an official legal court process and active court directive." But the Court is aware of no such directive. *Cf.* July 31, 2014 Order at 1; ECF No. 52 (denying Byerly's motion for an order of contempt for violating an order of this Court). Moreover, there is no defendant by this name in this action.

8