UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN W. BYERLY,

    Plaintiff,

v.

    Case No. 2:13-cv-00411
    CHIEF JUDGE EDMUND A. SARGUS, JR.
    Magistrate Judge Norah McCann King

ROSS CORRECTIONAL
INSTITUTION et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections (ECF No. 83) to the Magistrate Judge's Report and Recommendation (ECF No. 82) recommending denial of Plaintiff's Motion for "'Permanent-In Junction' 'Relief' 'Good Cause' F.R.C.P. 65(b)(1)" (ECF No. 81). For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections.

### I.

Plaintiff, Stephen W. Byerly, initiated this civil action on April 19, 2013 by filing a motion for "Permanent Injunction/Mandatory Injunction Relief" alleging that prison officials violated his due process rights by denying him access to his legal materials. (ECF No. 1.) Ohio Department of Rehabilitation and Correction ("ODRC") Policy 59-LEG-01 permits inmates to keep legal materials within a 2.4 cubic foot locker box in their cells. (*See* Policy 59-LEG-01(V)(E).) Inmates who require additional space may store their excess legal materials in a locker box outside their cell. (*Id.*) Byerly alleged that prison officials violated his constitutional rights by not allowing him to retain his excess legal materials inside his cell.

Because Byerly alleged a violation of his constitutional rights regarding a condition of

Case: 2:13-cv-00411-EAS-NMK Doc #: 90 Filed: 10/19/16 Page: 2 of 5 PAGEID #: 922

confinement, the Court construed his action as arising under 42 U.S.C. § 1983, which is the vehicle "to redress violations of rights, privileges, or immunities secured by the Constitution." *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007). However, the Prison Litigation Reform Act requires that a prisoner filing a claim under federal law relating to prison conditions must first exhaust available administrative remedies. *Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner must proceed through all three steps of Ohio's inmate grievance procedure to fully exhaust his administrative remedies. *See* Ohio Admin. Code § 5120-9-31. Here, the Court granted Defendants' motion for summary judgment and dismissed the action because Byerly had failed to pursue all three steps of the grievance procedure before filing suit. (ECF No. 66.) Byerly appealed the decision and the Court of Appeals for the Sixth Circuit affirmed. (*Byerly v. Bradley*, No. 15-3735 (6th Cir. filed Jan. 21, 2016), ECF No. 79.)

On July 5, 2016, after the case was dismissed, Byerly filed this motion entitled "'Permanent-In Junction' 'Relief' 'Good Cause' F.R.C.P. 65(b)(1)" in both the present case as well as his case seeking habeas corpus relief.[1] Byerly again alleges "government interference of [his] constitutional civil rights" and "deprivation to [his] access to courts and counsel – by preventing [him] access to [his] confiscated 'legal materials/evidence.'" (ECF No. 81 at 2.) Byerly also alleges that newly discovered evidence shows the evidence gathered in his case was "tainted" by the presence of the prosecutor's eyewitness at the crime scene.[2] (*Id.*) With respect to the allegations regarding access to his legal materials, Magistrate Judge King recommended denying Byerly's motion because it alleges issues already considered and dismissed in the earlier claim. (ECF No. 82.) Byerly now objects.

---

1 *See* Case No. 2:14-cv-266, which was transferred to the Northern District of Ohio as 1:14-cv-1183 and then to the Sixth Circuit under 13-3846 where it was dismissed on October 14, 2014 for want of prosecution.
2 Allegations such as this that challenge Byerly's conviction, rather than a condition of his confinement, fall within his action for habeas corpus, which has since been dismissed.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id.* (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).

## III.

Magistrate Judge King recommended denying Byerly's motion for injunctive relief, observing that "Plaintiff's motion appears to relate to the same claims previously asserted and resolved in this action. As noted, final judgment has been entered on those claims and this action is no longer pending." (Rep. & Rec. at 1–2, ECF No. 82.)

As a preliminary matter, Byerly objects to the characterization of his claim as arising under 42 U.S.C. § 1983. He argues that "he has never filed a motion under 42 U.S.C. § 1983" and asks the Court to "bring forth a copy of this alleged 'motion' – that states by title – that is filed motion

3

under 42 U.S.C. § 1983 and does contain my signature." Although Byerly's motion was not labeled as a § 1983 claim, it was proper for the Magistrate Judge to interpret this as the legal basis for his claim. *See LaMie v. Wright*, No. 1:12-cv-1299, 2014 WL 1686145, at *12 (W.D. Mich. Apr. 29, 2014) ("[T]he focus is on the facts creating the right of action and not the legal label chosen by plaintiff."); *see also Payne v. Mohr*, No. 2:11-cv-00831, 2011 WL 4712086, at *2 (S.D. Ohio Oct. 6, 2011) ("Although Plaintiff does not explicitly label his claim, he appears to bring a claim pursuant to 42 U.S.C. § 1983 . . ."). Section 1983 is the procedural vehicle through which a plaintiff may "vindicate the deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Section 1983 itself creates no substantive rights, but merely provides a mechanism for aggrieved persons to obtain a remedy for deprivations of rights established elsewhere. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985).

Here, Byerly's claim is properly brought under § 1983 because he is alleging that state prison officials violated his constitutional rights. The Court previously addressed the same objection in its Opinion and Order (ECF No. 65) granting Defendants' motion for summary judgment:

> Byerly first objects to the Magistrate Judge's characterization of his action as arising under 42 U.S.C. § 1983. But his Second Amended Complaint alleged that he was denied access to the courts in violation of his constitutional rights, and § 1983 is the vehicle "to redress violations of rights, privileges, or immunities secured by the Constitution."

(Op. & Order at 4, ECF No. 65 (quoting *Michael v. Ghee*, 498 F.3d 372, 375 (6th Cir. 2007)). The motion is therefore properly identified as arising under 42 U.S.C. § 1983. Regardless of whether the claim is construed as arising under § 1983 or not, Byerly does not explain what difference it would make to the outcome of his motion. Whatever the label, the end result would be the same.

Byerly next objects to the Magistrate Judge's conclusion that he is alleging the same

4

violations as in the original claim. (Obj. at 2, ECF No. 83.) He asserts that his motion alleges new violations from a different time period and that the judgment dismissing his claim has no bearing on the present motion. (Obj. at 2, ECF No. 83.) Even if so, Byerly's present motion would still suffer from the same defect as his previously dismissed motion. Byerly has again failed to show that he followed the prison's grievance procedure and exhausted his available administrative remedies. He has neither alleged nor provided evidence showing that he has filed new complaints regarding his legal materials.

Needless to say, Byerly's motion also fails because the merits of the underlying claim have been adjudicated and dismissed. When deciding whether to grant a preliminary injunction, one of the factors a court considers is whether the movant has a strong likelihood of success on the merits. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Also, "[i]f the plaintiff's claim in the motion for injunctive relief does not relate to the plaintiff's original claim in the complaint, injunctive relief is improper." *Rayford v. Millay*, No. 1-14-00122, 2015 WL 2454673, at *1 (M.D. Tenn. May 22, 2015) (citing *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010)). The underlying claim relating to Byerly's motion has been dismissed and is no longer before the Court. Thus, injunctive relief is inappropriate.

### IV.

For the reasons above, Plaintiff's Objections (Doc. No. 83) are **OVERRULED** and Plaintiff's Motion for Injunctive Relief (ECF No. 81) is **DENIED**. The Magistrate Judge's Report and Recommendation is **ADOPTED** (Doc. No. 82) and this case is **DISMISSED**.

IT IS SO ORDERED.

10-19-2016
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE