UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHEN W. BYERLY,

    Plaintiff,

v.

ROSS CORRECTIONAL INSTITUTE,
*et al.*,

    Defendant.

Case No. 2:13-cv-411
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION AND ORDER

The matter before the Court is Plaintiff Stephen W. Byerly's ("Plaintiff") Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(4) and Motion for Official Proof of Record (ECF No. 95). For the following reasons the motion (ECF No. 95) is **DENIED**.

### I.

On April 19, 2013, Plaintiff initiated this action by filing a motion for injunctive relief alleging prison officials violated his due process rights by denying him access to his legal materials. (*See* ECF No. 1.) Plaintiff concurrently filed a motion for leave to proceed *in forma pauperis*. (*Id.*) The Magistrate Judge granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). (ECF No. 5.) Accordingly, pursuant to 28 U.S.C. § 1915(b)(1) the Magistrate Judge directed the custodian of the Plaintiff's trust account (the "Custodian") to submit to the Clerk of the Court the initial partial payment. (*Id.*) This payment was to be 20% of the greater of either the average monthly deposits to Plaintiff's trust account or the average monthly balance in Plaintiff's trust account for the six months immediately preceding the filing of the complaint. (*Id.*) Further, pursuant to 28 U.S.C. § 1915(b)(2), the Magistrate Judge ordered

the Custodian to submit 20% of Plaintiff's preceding monthly income credited to the account, but only when the amount paid exceeds $10, until the full $350 was paid to the Clerk of the Court. (*Id.*)

On March 10, 2015, the Court granted Defendant's motion for summary judgment and dismissed the action because Plaintiff had failed to pursue the required grievance procedure. (*See* ECF No. 66.) Plaintiff appealed this decision and the Sixth Circuit affirmed. (*Byerly v. Bradley*, No. 15-3735 (6th Cir. Filed Jan 21, 2016, ECF No. 79.)

On July 5, 2016, Plaintiff filed a motion titled "Permanent-In Junction Relief Good Cause F.R.C.P. 65(b)(1)" in the present case and in his case seeking habeas corpus relief. (ECF No. 81.) This Court denied this motion because the underlying claim had been dismissed and thus, injunctive relief was inappropriate. (ECF No. 90.)

On January 16, 2020, Plaintiff filed this motion titled "Relief from Order of 5/01/13 (Doc #11) Pursuant to Fed. R. Civ. P. Rule 60(b)(4) and Motion for Official Proof of Record Pursuant to Fed. R. Civ. P Rule 44(a)(B)." (ECF No. 95, hereinafter "Pl.'s Mot.")

## II.

Plaintiff argues that the Magistrate Judge's order to the Custodian to use Plaintiff's personal funds to pay the filing fee[1] violated Plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment, 28 U.S.C. § 1915, and 28 U.S.C. § 1738. (Pl.'s Mot.) Therefore, Plaintiff seeks relief from the order because it is void. (*Id.*) Plaintiff also seeks return of his funds to his prisoner account. (*Id.*) In the alternative, Plaintiff seeks "official proof of record of Plaintiff's legal status as an Ohio prisoner, pursuant to Rule 44." (*Id.*)

---

[1] Plaintiff's Motion refers to the Court's Order as to the filing fees as ECF No. 11. The order as to filing fees, however, is ECF No. 5. Thus, while Plaintiff has written ECF No. 11, the Court will analyze the motion assuming Plaintiff is referring to ECF No 5.

2

Under 28 U.S.C. § 1915:

> If a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall asses and, when funds exits, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent or greater of (A) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal. After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credits to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1)–(2).

From the text of the statute it is clear that the Court's order to the Custodian was exactly as the statute requires. (*See* ECF No. 5.) Plaintiff brought a civil action as a prisoner and thus, was required to pay the filing fee under the statute. The Court's order required the Custodian to pay the fees from Plaintiff's prisoner account at the times and in the amounts required under the statute. The Court sees no reason, and Plaintiff provides no reason, why this order would be void under 42 U.S.C. § 1983 and the Fourth Amendment, 28 U.S.C. § 1915, or 28 U.S.C. § 1738. Plaintiff's motion for relief from ECF No. 5 and return of his funds is DENIED.

In the alternative, Plaintiff seeks an order to "show official proof [sic] of record of Plaintiff's legal status as an Ohio prisoner, pursuant to Federal Rule of Civil Procedure 44." (Pl.'s Mot.) The Rule Plaintiff cites outlines the procedure, in a civil trial, for proving an official record that is otherwise admissible. *Gregg v. Ohio Dep't of Youth Servs.*, 661 F. Supp. 2d 842, 852 (S.D. Ohio Sept. 22, 2009). The Rule is used to authenticate documents for consideration by the Court. *See Brown v. ASD Computing Ctr.*, 519 F. Supp. 1096, 1098 (S.D. Ohio July 15, 1981). Plaintiff has not submitted any document or other material for consideration. Additionally, this Case is closed. Rule 44 is inapplicable. The motion is DENIED.

Finally, the Court responds to Plaintiff's contention in his motion that without the desired relief "an action under 42 U.S.C. [§] 1985 will be initiated against the federal officers that acted without lawful authority." (Pl.'s Mot.) The Court notes that, as described above, there was lawful authority under 28 U.S.C.§ 1915(b)(1)–(2) for the Magistrate Judge's order.

### III.

In conclusion, the Court **DENIES** Plaintiff's Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(4) and Motion for Official Proof of Record (ECF No. 95).

**IT IS SO ORDERED.**

1-22-2020
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**